# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-285V
Filed: November 17, 2016
Not for Publication

```
*************************************
SHAWN ORGEL-OLSON,                *
                                  *
            Petitioner,           *
                                  *      Interim attorneys' fees and costs
   v.                             *      decision; withdrawal of counsel
                                  *
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
            Respondent.           *
                                  *
*************************************
```

Ronald C. Homer, Boston, MA, for petitioner.
Ryan D. Pyles, Washington, DC, for respondent.


**MILLMAN, Special Master**


### DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS[1]

On October 12, 2016, petitioner filed a motion for interim attorneys' fees and costs, requesting $36,037.50 interim attorneys' fees and $1,193.52 in interim attorneys' costs, for a total request of $37,231.02.   No decision on entitlement has been issued.

On October 31, 2016, respondent filed a response to petitioner's motion.   Respondent argues it is not appropriate to award interim attorneys' fees and costs at this juncture because petitioner is seeking fees due to his counsel's withdrawal from the case.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy.   When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure.   If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

Respondent also argues that if the undersigned finds it is appropriate to award interim attorneys' fees and costs, the amount requested by petitioner is too high.   She states that while she is satisfied that this case meets the statutory requirements for an award of attorneys' fees and costs under 42 U.S.C. § 300aa-15(e)(1)(A)-(B), "a reasonable amount for fees and costs in the present case would fall between $22,000.00 and $33,000.00." Resp't's resp. at 3-4.   Respondent bases this estimate on a "survey of fee awards in cases in which expert reports have been filed." Id. at 4. Respondent further argues that petitioner should be awarded interim attorneys' fees and costs at the lower end of this range because he did not request expert costs in his application.   Id. at 4.

On November 10, 2016, petitioner filed a reply to respondent's response to his application for interim attorneys' fees and costs.   In his reply, petitioner objects to respondent's method of estimating fees based on a survey of similar cases.   Petitioner argues that the amount of interim fees and costs requested by petitioner is reasonable and should be awarded in full.   Petitioner also states that a supplemental application for attorneys' fees will be "forthcoming" because petitioner's counsel incurred additional attorneys' fees in preparing the reply.   Reply at 13 n.11. Petitioner has not yet filed this supplemental interim attorneys' fees application.

## DISCUSSION

### I.    Interim Fee Awards are Appropriate Under the Vaccine Act

The Federal Circuit ruled that interim fee awards are permissible under the Vaccine Act in Avera v. Secretary of Health and Human Services, 515 F.3d 1343, 1352 (Fed. Cir. 2008).   The Federal Circuit again found interim fee awards appropriate under the Vaccine Act in Shaw v. Secretary of Health and Human Services, 609 F.3d 1372 (Fed. Cir. 2010).   See also Cloer v. Sec'y of HHS, 675 F.3d 1358, 1361–62 (Fed. Cir. 2012), aff'd sub nom. Sebelius v. Cloer, 133 S. Ct. 1886 ("Congress made clear that denying interim attorneys' fees under the Vaccine Act is contrary to an underlying purpose of the Vaccine Act."); Vaccine Rule 13(b) (mentioning "interim fees").

Subsequently, a number of judges and many special masters have found interim fee awards permissible under various circumstances.   See, e.g., Woods v. Sec'y of HHS, 105 Fed. Cl. 148, 154 (Fed. Cl. 2012) (Judge Williams affirmed the special master's award of interim fees and suggested that when counsel withdraws, and it is unknowable how long case resolution might take, an interim award may be appropriate); Friedman v. Sec'y of HHS, 94 Fed. Cl. 323, 334 (Fed. Cl. 2010) (Judge Damich found that the statute permits interim fee awards and that the special master acted within his discretion in choosing not to award interim fees); Doe/11 v. Sec'y of HHS, 89 Fed. Cl. 661, 668 (Fed. Cl. 2009) (Judge Williams reversed the special master's denial of interim fees); Bear v. Sec'y of HHS, No. 11-362V, 2013 WL 691963, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2013) (Special Master Hastings awarded interim fees over respondent's objection in a case where petitioner's counsel was going to withdraw, and the petition had been pending for more than 19 months); Lumsden v. Sec'y of HHS, No. 97-588, 2012 WL 1450520, at *6 (Fed. Cl. Spec. Mstr. Mar. 28, 2012) (Former Chief Special Master Vowell awarded interim fees in an autism case over respondent's objection when petitioner's attorney was withdrawing from the case); Edmonds v. Sec'y of HHS, No. 04-87V, 2012 WL 1229149, at *13 (Fed. Cl. Spec. Mstr. Mar. 22, 2012)

(Then-Chief Special Master Campbell-Smith awarded interim fees over respondent's objection in an autism case in which petitioner's counsel was preparing to withdraw); Dudash v. Sec'y of HHS, No. 09-646V, 2011 WL 1598836, at *6 (Fed. Cl. Spec. Mstr. Apr. 7, 2011) (Special Master Moran found an award of interim fees appropriate); Burgess v. Sec'y of HHS, No. 07-258V, 2011 WL 159760, at *2 (Fed. Cl. Spec. Mstr. Jan. 3, 2011) (Former Special Master Lord awarded interim attorneys' fees in a case where petitioners were soon to be represented by other counsel).

### a.   Interim Fees are Appropriate in This Case

Many special masters and judges on the U.S. Court of Federal Claims have found that an interim award of attorneys' fees and costs may be appropriate when counsel is preparing to withdraw from a case.   See Woods, 105 Fed. Cl. at 154; Bear, 2013 WL 691963 at *5; Lumsden, 2012 WL 1450520 at *6; Edmonds, 2012 WL 1229149 at *13; Burgess, 2011 WL 159760 at *2. In the instant case, the petition has been pending for over 22 months.   Petitioner is still searching for new counsel and is attempting to file a supplemental expert report.   If petitioner decides to continue pursuing his claim, it may be months to years before an entitlement ruling is issued. Therefore, the undersigned rejects respondent's objection to an award of interim fees and costs at this juncture and finds an award of interim fees and costs appropriate.

## II.       Reasonable Interim Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." 42 U.S.C. § 300aa-15(e)(1).   It is not necessary for a petitioner to prevail in the case-in-chief in order to receive a fee award as long as petitioner brought the claim in "good faith and there was a reasonable basis for the claim."   Id.   The special master has "wide discretion in determining the reasonableness" of attorneys' fees and costs.   Perreira v. Sec'y of HHS, 27 Fed. Cl. 29, 34 (1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994); see also Saxton ex rel. Saxton v. Sec'y of HHS, 3 F.3d 1517, 1519 (Fed. Cir. 1993) ("Vaccine program special masters are also entitled to use their prior experience in reviewing fee applications.").

Respondent bases her proposed range of attorneys' fees and costs on "a survey of fee awards in cases in which expert reports have been filed."   Resp't's Resp. at 4.   The undersigned does not find respondent's argument persuasive.   It is not necessarily instructive to compare cases involving similar procedural histories in order to determine the appropriate amount of attorneys' fees and costs.   Each case in the Vaccine Program is different.   Even petitioners alleging the same vaccine injury may have vastly dissimilar medical histories, and, consequently, different numbers of medical records petitioners' attorneys need to locate, file, and review.

While petitioner said a supplemental application for the cost of preparing the reply is forthcoming, petitioner has not yet filed the supplemental application.   However, the undersigned is not waiting until petitioner files a supplemental motion to issue this decision.   Petitioner's reply largely consists of boilerplate language, which is demonstrated by the similar replies filed by petitioner's counsel's law firm in other cases before the undersigned.   See Lovelady v. Sec'y of HHS, Case No. 14-1063V; Brill v. Sec'y of HHS, Case No. 14-607V.   Therefore, the undersigned

will not award interim attorneys' fees for the preparation of this largely boilerplate reply.

Based on her experience and review of the billing records submitted by petitioner, the undersigned finds that petitioner's interim attorneys' fees and costs request is reasonable. Accordingly, the undersigned awards **$37,231.02**, representing interim attorneys' fees and costs. The award shall be in the form of a check made payable jointly to petitioner and Conway, Homer & Chin-Caplan, P.C. in the amount of **$37,231.02**.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED.**

Dated: <u>November 17, 2016</u>                                     <u>s/ Laura D. Millman</u>
                                                                              Laura D. Millman
                                                                              Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.