# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 15-285V**
**Filed: June 9, 2023**

|  |  |
|---|---|
| SHAWN ORGEL-OLSEN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*Renee J. Gentry, Vaccine Injury Clinic, George Washington Univ. Law School, Washington D.C, for petitioner.*
*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

**Decision Regarding Attorneys' Fees and Costs**[1]

On March 19, 2015, petitioner, Shawn Orgel-Olsen, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that he suffered neurological injuries caused by his receipt of hepatitis A and Tetanus-Diphtheria vaccines on August 3, 20212.  (ECF No. 1, p. 1.)  Petitioner's case was ultimately dismissed for failure to establish entitlement to compensation on March 11, 2022.  (ECF No. 113.)  Petitioner subsequently filed a motion for final attorneys' fees and costs.[2]  (ECF. No. 119.)  Despite the dismissal, respondent agrees that the statutory requirements for an award of attorneys' fees and costs have been met.  (ECF No. 120, p. 2.)

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the document will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Interim attorneys' fees and costs were previously awarded to prior counsel.  (ECF Nos. 43, 53.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Petitioners who are denied compensation for their claims brought under the Vaccine Act may be awarded attorneys' fees and costs "if the Special Master or Court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  42 U.S.C. § 300aa-15(e)(1); *Cloer v. Sec'y of Health & Human Servs.*, 675 F.3d 1358, 1360–61 (Fed. Cir. 2012).  Such an award is within the discretion of the Special Master.  42 U.S.C. § 300aa-15(e)(1).  I find an award of attorneys' fees and costs is reasonable in this case and respondent does not object.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.  Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs."  *Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl 1991.)  Moreover, Special Masters are entitled to rely on their own experience and understanding of the issues raised.  *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam).

In this case, I have reviewed the billing records and additional documentation submitted with petitioner's motion.  Upon my review, the overall amount sought in attorneys' fees and costs is reasonable given the history of this case and the hourly rates and hours billed are reasonable and appropriate, consistent with what has been awarded in prior cases.  The requested costs are reasonable and sufficiently documented. I award petitioner attorneys' fees and costs in the requested amount of $78,215.13.  This amount includes $58,170.70 in attorney fees (inclusive of both supervisory attorney and student attorney hours) and $20,044.43 in litigation costs, the bulk of which are expert costs.

**Accordingly, I award a total of $78,215.13 as a lump sum in the form of a check payable to petitioner and his counsel, Renee Gentry, Esq.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

**s/Daniel T. Horner**
Daniel T. Horner
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.